# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 20-1561

LEONARD OKWUDILI EZEMA,

       Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

       Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: May 20, 2021                  Decided: June 2, 2021

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Peter E. Torres, New York, New York, for Petitioner. Jeffrey Bossert Clark, Acting Assistant Attorney General, Keith I. McManus, Assistant Director, Edward C. Durant, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonard Okwudili Ezema, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to reconsider the denial of his untimely motion to reopen filed pursuant to the Violence Against Women Act (VAWA).  Under 8 U.S.C. § 1252(a)(2)(B)(ii), we lack jurisdiction to review the agency's discretionary decision whether to grant a waiver of the one-year time limit on a motion to reopen filed by a VAWA self-petitioner.  *See* 8 U.S.C. § 1229a(c)(7)(C)(iv)(III) (providing that "the Attorney General may, in the Attorney General's discretion, waive this time limitation in the case of an alien who demonstrates extraordinary circumstances or extreme hardship to the alien's child.").  While we retain jurisdiction over colorable constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), Ezema has not raised any such claims.  Accordingly, we dismiss the petition for review for lack of jurisdiction.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*

---

[*] To the extent Ezema challenges the Board's refusal to exercise its sua sponte authority to reopen, the Court lacks jurisdiction over that discretionary determination as well.  *See Mosere v. Mukasey*, 552 F.3d 397, 400-01 (4th Cir. 2009).